IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB AUSTIN DAVIS                                                                                          PLAINTIFF

v.                          Civil No. 4:08-cv-04040

WAYNE SMITH, Warden,
Southwest Arkansas Community
Corrections; RICH HINTON,
Captain of Security, Southwest
Arkansas Community Corrections                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jacob Austin Davis (hereinafter "Plaintiff" or "Davis") filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

Upon review of the complaint, I believed more information was needed regarding Davis' claims. For this reason, I propounded a questionnaire to Davis (Doc. 5). His response to the questionnaire was filed as an addendum to his complaint (Doc. 7).

**BACKGROUND**

When he filed this case, Davis was incarcerated at the Southwest Arkansas Community Correction Center (SWACCC) in Texarkana, Arkansas. He was serving a two year sentence for forgery. He was incarcerated at the SWACCC from September 24, 2007, until July 1, 2008. *Addendum* (Doc. 7) at ¶ 1.

In March of 2008, Davis indicates he was charged with both a disciplinary violation for possessing, using, or concealing contraband and a criminal offense of introducing prohibited articles into a correctional facility in violation of Ark. Code Ann. § 5-54-119 after he handed a cigarette to

Counselor Buckley. According to Davis, he had not smoked the cigarette or even touched it until ordered to hand it to Buckley.

Prior to his conviction of the disciplinary violation, he received notice of the charges against him was, given a hearing, an opportunity to tell his side of the story, and an opportunity to present witnesses if he desired to do so. *Addendum* at ¶ 3. He also had an opportunity to appeal the disciplinary conviction. *Id.*

Davis was convicted of the criminal charge of introducing prohibited articles into a correctional facility in violation of Ark. Code Ann. § 5-54-119 on June 3, 2008. *Addendum* at ¶ 4. He was sentenced to two years imprisonment with one year suspended. *Id.* His term of imprisonment was to be served at the Arkansas Department Correction and to run consecutively with his Department of Community Correction sentence. *Id.*

As relief, Davis asks that the "free world" charge be dropped and he be allowed to finish his program. He maintains that other residents at the SWACC have been caught with contraband and did not have criminal charges brought against them. He asserts Warden Smith stated if Davis did not plead guilty he would be charged as a habitual offender. Davis states he could not take that chance. With respect to Rich Hinton, Davis asserts Hinton kept saying there was no chance Davis would be found not guilty and kept telling him to hurry up and plead guilty.

### DISCUSSION

Davis' claims are subject to dismissal. First, Davis' claims stemming from his criminal charge for introducing prohibited articles into a correctional facility in violation of Arkansas law are not presently cognizable. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  Here, Davis is currently serving a sentence on this conviction.  The conviction has not been reversed, set aside, or otherwise held invalid.  His claim therefore cannot proceed.

Second, with respect to the disciplinary charge, Davis concedes he was given notice, an opportunity to be heard, an opportunity to present witnesses, and an opportunity to appeal.  Due Process requires no more.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-66, 570, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)(The procedures include:  written notice of the charges, a brief period to prepare, a written statement of the evidence relied on and the reasons for the disciplinary action, and the ability for the inmate to call witnesses and present documentary evidence).

Third, to the extent Davis attempts to state a claim for malicious prosecution, the "Constitution does not mention malicious prosecution nor do[es Davis] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).  The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

## CONCLUSION

I therefore recommend that the complaint be dismissed as the claims are frivolous, fail to state claims upon which relief may be granted, and are not presently cognizable under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Davis has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in**

**waiver of the right to appeal questions of fact. Davis is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 12th day of September 2008.

                /s/ Barry A. Bryant
                HON. BARRY A. BRYANT
                UNITED STATES MAGISTRATE JUDGE